**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| KEVIN A. TOLLIVER, | : | Case No. 2:22-cv-4566 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| OHIO PAROLE BOARD, *et al*.. | : | |
| | : | |
| Defendants. | : | |

---

**REPORT AND RECOMMENDATION**

---

Plaintiff, a state prisoner proceeding without the assistance of counsel, has filed a Complaint under 42 U.S.C. § 1983.  (Doc. 1-1).  He alleges violations of his civil rights with respect to a November 2019 parole hearing.  (*Id*.).

The matter is currently before the Court for the initial screening of the Complaint required by law.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a).  For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety as frivolous or for failing to state a claim upon which relief may be granted.

## I.  Initial Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Doc. 3), the Court is required to conduct an initial screening of his Complaint.  28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2).  The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).

2

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II.   **Parties and Claims**

Plaintiff Kevin A. Tolliver is a state prisoner, currently serving a criminal sentence of eighteen years-to-life for murder. (Complaint,[1] ¶ 17). He was convicted and sentenced in 2002. *See Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010) (affirming the denial of his petition for habeas corpus relief).[2]

---

[1] For better readability, the Undersigned will cite to Plaintiff's Complaint in this case, currently of record as Docket Entry 1-1, simply as the Complaint. Paragraph numbers are cited at times for greater precision.

[2] The United States Court of Appeals for the Sixth Circuit summarized the facts of the case against Tolliver as follows:

> Shortly after 1:00 AM on December 29, 2001, Claire Schneider was shot in the mouth and bled to death on the floor of her apartment in Columbus, Ohio, where she lived with her boyfriend, Kevin Tolliver. Although Tolliver was present in the apartment, he did not call 911, but instead repeatedly called his ex-wife, as well as his voicemail, Schneider's voicemail, and a friend. Police eventually responded to a 911 call from Tolliver's ex-wife, and found Tolliver in the apartment with Schneider, almost entirely covered in blood—except for his hands, which he had washed. Following a three-week trial, a jury convicted Tolliver of murder.

*Tolliver v. Sheets*, 594 F.3d at 905.

In November 2019, Plaintiff participated in his first parole hearing. (*See* Ohio Parole Board Decision and Minutes, Doc. 1-2, PageID 65). The Ohio Parole Board did not grant him parole at that time. (*Id*.). His next parole hearing is scheduled for November 2029. (*Id*.).

Plaintiff sues two defendants in this case: the Ohio Parole Board (OPB or the Board) and the Ohio Department of Rehabilitation and Correction (ODRC). (Complaint, PageID 12 and ¶¶ 5-7). He sues under 42 U.S.C. § 1983, alleging violations of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Complaint, ¶¶ 1-3). Specifically, Plaintiff alleges that he was denied "meaningful consideration for parole" under Ohio Revised Code § 2967.03 and Ohio Administrative Code § 5120:1-1-07, "meaningful participation of counsel" under the Sixth and Fourteenth Amendments, and "the right to remain silent" under the Fifth Amendment. (*See, e.g.*, Complaint, ¶¶ 9, 15, 22, 26-30, 78, 88).

Plaintiff submitted the instant Complaint in November 2022.[3] (Complaint, PageID 34-35). This Court granted Plaintiff leave to proceed *in forma pauperis* in April 2023 (Doc. 3) and now proceeds to screen the Complaint.

### III. Discussion

The Undersigned concludes that the Complaint should be dismissed in its entirety, because a § 1983 claim cannot succeed against either of the named Defendants, and because the claims are barred by the statute of limitations. Even if the claims were brought against a proper

---

[3] Plaintiff raised issues relating to his parole hearing in a previous case. *See Kevin Tolliver v. Noble*, No. 2:16-cv-1020 (S.D. Ohio) (Plaintiff's Motion for Leave to File Second Amended Complaint, Doc. 100, PageID 652 [referring to "the harms done to Plaintiff at his November 26, 2019 parole board hearing, which has been argued was the intention of defendants: Abdul Rahman Shahid, Robert Jefferys, Jeffery Noble, Stanley Taylor, Rochell Moore, Steven Cahill, and Mike Davis (Chaplain) as punishment for his grievances."] and PageID 655 ["The parole board relied on errant information provided by these defendants to impose a maximum continuance (10 years to next hearing)"] and Proposed Second Amended Complaint, Doc. 100-1, PageID 682-684 ["Plaintiff has been either irreparably harmed, or harmed in such a way that damage cannot be definitively determined, for his appearance at the ODRC parole board upon the combined results of defendant's offenses as described in this complaint."]).

defendant and were not time-barred, only one potential claim in the Complaint could proceed—the claim that Plaintiff was denied parole on the basis of a false record.

A.      The OPB and ORDC are not proper defendants in a § 1983 case.

"Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law.  Only a 'person' faces liability under the statute."  *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).

"The Ohio Parole Board is a section within the Adult Parole Authority, a state agency." *Latham v. Ohio Parole Board*, No. 1:15-cv-488, 2015 WL 5905833, at *3 (S.D. Ohio Sept. 16, 2015), *report and recommendation adopted,* 2015 WL 5882979 (S.D. Ohio Oct. 7, 2015).  The Board is not a "person" for purposes of Section 1983.  *See Lair v. Ohio Parole Bd*., No. 2:20-cv-347, 2020 WL 2468740, at *2 (S.D. Ohio May 13, 2020), *report and recommendation adopted*, 2020 WL 5250510 (S.D. Ohio Sept. 3, 2020) ("neither the Ohio Parole Board nor the [county court] are 'persons' who can be held liable under § 1983") (citation omitted); *Latham*, 2015 WL 5905833, at *3 ("The complaint should also be dismissed as to the Ohio Parole Board because it is not subject to suit under § 1983.").

Neither is the ODRC.  *See Vizcarrondo v. Ohio Dep't of Rehab. & Corr*., No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) (noting "multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983."); *Peeples v. Ohio Dep't of Rehab. & Corr*., 64 F.3d 663 (6th Cir. 1995) (affirming the district court's dismissal of suit against the ODRC that held that "the ODRC is not a 'person'") (unreported table case); *Latham,* 2015 WL 5905833, at *2 ("Plaintiff's complaint also fails to state a claim for relief under § 1983 against defendant ODRC, as this defendant is not a person under § 1983.").

As the OPB and the ODRC are the only two defendants named in the caption of the Complaint,[4] and Plaintiff cannot state a § 1983 claim against them, the Complaint should be dismissed in its entirety.

**B.      Section 1983 claims arising in November 2019 are barred by the statute of limitations.**

All of the claims in the Complaint arise out of alleged harm to Plaintiff occurring at or before his parole hearing.  (*See, e.g.*, Complaint, ¶ 9 ("This is a Declaratory Judgment action seeking, in part a declaration by this court that the Ohio Parole Board (the 'Board') and the Ohio Department of Rehabilitation and Corrections ('DRC') denied Plaintiff Kevin A. Tolliver meaningful consideration for parole, and violated his civil rights, by applying practices and policies that violate the law.")).  Plaintiff's parole hearing was held on November 27, 2019. (Complaint, ¶ 19).  The decision was apparently delivered the same day; Plaintiff alleges that "the Board took only ten (10) minutes of deliberation to deny [him] parole," after the hearing. (Complaint, ¶ 55).  The Board's written decision is dated November 29, 2019.  (Doc. 1-2, PageID 65-66).

In Ohio, the statute of limitations for § 1983 claim is two years after the claim accrued. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Harris v. German Twp.*, No. 3:19-cv-341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022).  Generally, a claim accrues and the two-year "limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).  Thus, in Ohio, a § 1983 claim accruing in November 2019 must ordinarily be

---

[4] Rule 10(a) of the Federal Rules of Civil Procedure requires "all the parties" to be named in the caption of the Complaint.

brought within two years, or by November 2021. *Moore v. Moore*, No. 1:19-cv-1634, 2019 WL 6683171, at *3 (N.D. Ohio Dec. 6, 2019) ("the statute of limitations for all of Plaintiff's § 1983 claims is two years.").

The Complaint in this case was signed and presumably submitted on November 24, 2022,[5] almost three years after the claim accrued, and after the statute of limitations had already expired. (Complaint, PageID 34; *see also* ¶ 96 (where Plaintiff notes that it has been three years since the hearing)). The claims alleging errors at or before the parole hearing are therefore subject to dismissal for failure to state a claim or because the time-barred claims are frivolous. *See Bailey v. Houk,* No. 22-3516 (6th Cir. Feb. 22, 2023) (unpublished) (affirming this Court's dismissal of parole-based claims occurring outside the two-year statute of limitations); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (concluding that "the district court properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any such claim is barred the by the applicable statute of limitations.").

> **C.** **Even if Plaintiff amended his Complaint to name proper defendants and his claims were not time-barred, only one narrow issue could arguably be raised under § 1983.**

Although he does not name them as defendants in the caption of his Complaint, Plaintiff does refer to Annette Chambers-Smith, Director of the ODRC, and Alicia Handwick (or Hardwick), Chairperson of the Ohio Parole Board or Ohio Adult Parole Authority, in the text of the Complaint. (Complaint, ¶¶ 5-6). Even if Plaintiff were to amend his Complaint to name them and/or a proper defendant, and even if his claims were not barred by the statute of

---

[5] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Id.* Plaintiff signed the Complaint on November 24, 2022. (Complaint, PageID 34).

limitations, most of the Complaint would still be subject to dismissal as frivolous and/or for failure to state a claim.

**First**, to the extent that Plaintiff may attempt to raise claims on behalf of other inmates—such as his general arguments about what the Board generally does or does not do for inmates—those claims should be dismissed. (*See, e.g.*, Complaint, ¶ 24 ("alleging that "the Board and DRC, will never grant a release to a candidate: at their first Board hearing; especially when the person has maintained innocence; and/or is a person of color. Unwritten policies and practices particularly enforced when the victim is white."); ¶ 77 (alleging that "inmates are not informed of [their] rights.")).

A non-attorney plaintiff may raise claims on his own behalf, but he cannot bring claims in federal court on behalf of others. *Corn v. Sparkman,* 82 F.3d 417, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) (citation omitted) (unpublished table case). "A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Id*. This is a question of standing. A prisoner does not have standing to bring a § 1983 claim on behalf of other prisoners. *See Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) (citing *Jones v. Caruso,* 569 F.3d 258, 276-77 (6th Cir. 2009) (also noting that "it is well-settled that a party whose conduct is legitimately regulated by a statute or regulation lacks standing to challenge it on the basis that it is unconstitutional as applied to others.")). Thus, Plaintiff's claims here must be limited to the alleged deprivation of his own rights.[6] *Dodson v. Wilkinson,* 304 F. App'x 434, 438 (6th Cir. 2008).

---

[6] Although Plaintiff has made these allegations generally and has not sought to certify a class action, the Court notes that:

> Federal Rule of Civil Procedure 23(a)(4) generally does not permit pro se plaintiffs without legal training to serve as class representatives. *See Garrison v. Mich. Dep't of Corr*., 333 F. App'x 914,

**Second**, the type of claim concerning parole that may be raised in a § 1983 action is quite limited.  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  "[T]he State of Ohio has not created a liberty interest in parole" either.  *Nelson v. Ohio Parole Bd.*, No. 21-3397, 2022 WL 3222762, at *1 (6th Cir. Jan. 3, 2022) (citing *Bell v. Anderson*, 301 F. App'x 459, 461 (6th Cir. 2008) and *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991)).

The Sixth Circuit has said that "[d]ue process in parole proceedings is satisfied as long as the procedure used affords the inmate an opportunity to be heard, and, if parole is denied, the parole board informs the inmate of the basis upon which it denied parole."  *Dodson v. Mohr*, No. 21-3778, 2022 WL 3954932, at *3 (6th Cir. July 28, 2022) (quoting *Swihart v. Wilkinson*, 209 F. App'x 456, 459 (6th Cir. 2006)).  Here, Plaintiff was afforded the ability to he heard—he acknowledges that he submitted information and participated in the parole hearing—and was provided the basis for the denial.  (*See, e.g.*, Plaintiff's "Parole & Release Package," Doc. 1-2, PageID 36-64; Ohio Parole Board Decision and Minutes, Doc. 1-2, PageID 65-66).  Due process, judged by this standard, is satisfied.

There is, however, a narrow possible claim that prisoners who are denied parole can bring under § 1983.  This Court has explained:

---

919 (6th Cir. 2009) (holding that pro se litigants are "inadequate class representatives"); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (holding that "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions"). Sanders, who is incarcerated and lacks legal training, has not attempted to establish that he would be an adequate class representative, either in his motion for class certification or on appeal. Because Sanders has offered no basis for departing from the general rule that pro se plaintiffs are not adequate class representatives, the district court did not abuse its discretion by denying class certification.

*Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022), *cert. denied*, 214 L. Ed. 2d 203 (2022).

It is well established that Ohio prisoners have "no constitutional or statutory right to parole." *State ex rel. Keith v. Ohio Adult Parole Auth.*, 2014-Ohio-4270, ¶ 24, 141 Ohio St. 3d 375, 379, 24 N.E.3d 1132, 1137 (quoting *State ex rel. Henderson v. Ohio Dep't of Rehab. & Corr.*, 1998-Ohio-631, 81 Ohio St.3d 267, 268, 690 N.E.2d 887). Because parole decisions, under Ohio statute, are discretionary, "a potential parolee [is] not deprived of life, liberty, or property by being denied parole" and cannot "invoke due process to challenge" the merits of a parole decision. *Id.* ¶ 20. They can, however, raise certain procedural challenges to the methods used to reach a parole decision. As the Sixth Circuit has explained, "where a prisoner does not claim immediate entitlement to parole . . . but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case . . . such a challenge [is] cognizable under section 1983." *Dotson v. Wilkinson*, 329 F.3d 463, 472 (6th Cir. 2003).

Not every procedural challenge is cognizable under § 1983, though. <u>The Constitution requires only that a potential parolee be provided "an opportunity to be heard and . . . a statement of the reasons why parole was denied."</u> *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citation omitted). States may establish "their own procedural statutes and regulations on parole . . . as a matter of *state* law," but the failure to follow those state regulations do not give rise to a "*federal* due process" challenge. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994). So although Ohio provides its own statutory factors that must guide the parole board's discretionary determination, *see* Ohio Admin. Code 5120:1–1–07(B), those factors do not set a new baseline for federal procedural due process requirements and thus do not provide a basis for a procedural due process challenge. *See Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 571 & n.5 (6th Cir. 2012) ("[T]he question of which due process requirements apply is one of federal law, not state law." (alterations omitted) (quoting *Cooke*, 562 U.S. at 862 n.*)).

This Court has recognized that even though Ohio prisoners have no liberty interest in parole itself, they do possess a liberty interest in being free from "parole decisions . . . made in reliance on information that the Parole Board [knew was] inaccurate or ha[d] reason to know [was] inaccurate." *Kinney v. Mohr*, No. 2:13-CV-1229, 2015 WL 1197812, at *4 (S.D. Ohio Mar. 16, 2015); *see also Solly v. Mausser*, No. 2:15-CV-956, 2018 WL 1070504, at *3 (S.D. Ohio Feb. 27, 2018) (inmates have a right to parole determinations made in reliance on "accurate parole records"); *Jergens*, 492 F. App'x at 571 n.5 ("Neither this decision nor any binding circuit precedent . . . forecloses the possibility that, in an appropriate case, a parole board's reliance on unconstitutional factors—or even on false information in the parole file—could constitute a due-process violation."). A decision made on knowingly false information would constitute a "wholly arbitrary decision-making process" that offends due process. *Jergens*, 492 F. App'x at 571 n.5.

<u>To state a procedural due process claim, then, a potential parolee's complaint must point to "verifiable errors" contained in the parole file that the parole board knowingly relied on to make its determination</u>. *Kinney v. Mohr*, No. 2:13-cv-1229, 2015 WL 1197812, *4 (S.D. Ohio March 16, 2015). For example, the plaintiff in

*Kinney* alleged that his parole records falsely stated he was previously denied parole because he raped and shot a female victim and premeditated killing three other victims by shooting them in the head. *Id.* at *2. He also alleged that after he notified the parole board of these errors, presenting them with an autopsy report and a hearing transcript that contradicted the record's statements, the parole board nonetheless failed to correct them. *Id.* The court found that these allegations were specific enough to state a procedural due process claim. *Id.*; *see also Keith*, 2014-Ohio-4270, ¶ 30 (recognizing a procedural due process claim when the plaintiff pointed to "substantive errors in the record that" the parole authority was aware of but failed to correct and which "may have influence[d] the [parole authority's] consideration of his parole"). In contrast, *Jergens* concluded that the plaintiff's allegation that the parole board relied on "false information [in his] criminal record and history" was too vague to make out a claim. 492 F. App'x at 571 n.5 (citing *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001)); *see also Solly v. Mausser*, No. 2:15-cv-956, slip op. at 5-6 (S.D. Ohio Nov. 6, 2015) (dismissing a procedural due process claim when the plaintiff "allege[d] that Defendants relied on false information in denying him a meaningful parole hearing" but did "not describe the nature of the false information or how it was used against him").

Plaintiff's Complaint does not allege any specific "verifiable error" that Defendants knowingly used to make their parole determination. Rather, Plaintiff alleges merely that the criminal history contained in his record was "of an erroneous nature" and "failed to highlight the improvements [he] made . . . in his rehabilitation process," Compl. 5, ECF No. 3. This "[n]aked assertion[ ]," *Iqbal*, 556 U.S. at 678, is insufficient to state a plausible claim for relief. Indeed, Plaintiff's contention that his record does not adequately account for his improvements demonstrates that his ultimate concern may be not with the veracity of his criminal record at all but rather with Defendants' reliance on it even though—in Plaintiff's view—it does not adequately account for his rehabilitation. <u>But whether Defendants' parole decision was informed by a full picture of Plaintiff's rehabilitation is not a question that falls within the province of procedural due process.</u> All that matters from a procedural due process standpoint is whether the parole authority knowingly relied on false information. Because Plaintiff fails to present any "specific factual allegations" about errors in his record or Defendants' knowing reliance on them, *Harden-Bay v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008), he fails to state a plausible claim under § 1983 for violations of procedural due process.

*Jackson v. Hudson*, No. 2:18-cv-1319, 2019 WL 3521745, at *3-4 (S.D. Ohio Aug. 2, 2019) (emphasis added).

      In this case, Plaintiff alleges that the Board relied on, or may have relied on, secret victim-related statements that may have been incorrect. (*See* Complaint, ¶ 20 ("Upon knowledge and belief, the contents of these secret statements contained false, inaccurate, and misleading

information that were essential factors used in the Board's justification of its decision denying

parole.")). He further says that:

> 65. Due to the Board's internal policy, Mr. Tolliver did not know what victims' family or representatives said to the Board in their written and/or verbal submissions. As a result, Mr. Tolliver had no ability to rebut, explain, or contextualize any allegations in those submission.
>
> 66. To the extent that there are inaccuracies, misstatements, or falsehoods contained in the victims' family or representatives' submissions, the Board's policy of absolute confidentiality has effectively prevented Mr. Tolliver from correcting them.
>
> 67. Upon information and belief, rather than basing its decision on whether Mr. Tolliver was a good candidate and could safely be released, the Board instead denied him release based, in part, on information contained in the secret statements by victims' family or representatives.

(Complaint, ¶¶ 65-67).[7]

These allegations do not quite present the "verifiable errors" discussed in *Jackson* and

*Kinney*. *Cf. Palmer v. Granholm*, No. 1:06-cv-301, 2006 WL 1876973, at *2-3 (W.D. Mich.

July 5, 2006) (rejecting due process claims challenging "the parole board's unwritten policy of

deferring its decision-making to the crime victim and the parole board's consideration of false

'confidential' victim statements" that he could not defend himself against). But, one particular

allegation may, for the purposes of this initial screening, approach plausibility. Plaintiff notes

that, in discussing his history before he was convicted:

> [D]isconnected from the reality of his education, upbringing, and life as a DAS Certified Construction Manager who specialized in Commercial Architectural Identification Projects, and his modest real-estate investments; the Board

---

[7] Plaintiff cites Ohio Revised Code § 5120.60(G) in this respect, which says:

> Information provided to the office of victim services by victims of crime or a victim representative designated under section 2930.02 of the Revised Code for the purpose of program participation, of receiving services, or to communicate acts of an inmate or person under the supervision of the adult parole authority that threaten the safety and security of the victim shall be confidential and is not a public record under section 149.43 of the Revised Code.

(Complaint, ¶¶ 69, 70, 74, 123).

> apparently believed he was instead a home bathroom remodeler and a small time
> drug dealer. Neither of which has ever been true. The narrative they adopted in the
> hearing was the same as one available from an unofficial source on the internet.
> This website was meant to slander Plaintiff and block his parole.

(Complaint, ¶ 58). Plaintif also alleged in his request for reconsideration of the parole decision

(Doc. 1-2. PageID 67-70) that erroneous information was used. (Doc. 1-2, PageID 68-69). This

claim appears to be the only due process claim that could arguably have proceeded, had it been

properly brought within time and against proper defendants.

The remaining allegations in the Complaint are frivolous and/or fail to state a claim on

which relief may be granted.

### 1. *Assistance of Counsel*

Plaintiff posits that he had a Sixth and Fourteenth Amendment right to the assistance of

counsel at his parole hearing, and he asserts that Defendants violated these rights by failing to

inform him that he could have had counsel represent him. (*See, e.g.*, Complaint, ¶¶ 14-16, 49,

76-82). He finds this right to counsel by analogizing the parole hearing to a sentencing hearing.

(Complaint, ¶¶ 80-82).

"The United States Supreme Court has never held state prisoners have a federal

constitutional right to counsel at parole hearings." *Libby v. Klee*, No. 2:16-cv-14319, 2018 WL

1255145, at *4 (E.D. Mich. Mar. 12, 2018) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555

(1987) and *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Instead, the Supreme Court has said

that the "constitutional 'right to appointed counsel extends to the first appeal of right and no

further.'" *See Smith v. Eppinger*, No. 1:18-cv-1041, 2020 WL 8617540, at *17 (N.D. Ohio Apr.

7, 2020), *report and recommendation adopted*, 2021 WL 681430 (N.D. Ohio Feb. 22, 2021)

(quoting *Finley*, 481 U.S. at 555). *See also, generally*, *Ward v. Chapman*, No. 2:19-cv-12543,

2020 WL 5107334, at *5 (E.D. Mich. Aug. 31, 2020) (distinguishing between parole eligibility

13

hearings and parole revocation hearings and what process is due a prisoner at the latter); *Young v. Pfeiffer*, No. 1:18-cv-1339, 2020 WL 916723, at *3 (E.D. Cal. Feb. 26, 2020), *report and recommendation adopted*, 2020 WL 1853044 (E.D. Cal. Apr. 13, 2020) (citing *Gagnon*, 411 U.S. at 788-89) (stating, in a habeas case:  "Petitioner claims that his Sixth Amendment right to counsel was violated because he was not afforded counsel at his parole hearing. He is mistaken. 'There is no clearly established right to counsel at parole suitability hearings.'  *Lopez v. California*, [No. 1:14-cv-504, 2014 WL 1839120, at *5, (E.D. Cal. May 8, 2014)]. The Supreme Court has declined to create a rule requiring counsel at all parole hearings, stating that the 'decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system.'*");* *Swarthout v. Cooke*, 562 U.S. at 220 (citing *Greenholtz*, 442 U.S. at 7) ("In *Greenholtz,* we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  'The Constitution,' we held, 'does not require more.'").

> 2.  *Remaining Silent*

Plaintiff asserts that he had a right to "abstain from interrogation" and to remain silent at his parole hearing, and that Defendants violated his Fifth Amendment rights by failing to inform him of that right.  (*See, e.g.*, Complaint, ¶¶ 14-15, 22-23, 50).  This assertion misapprehends the nature of the right and its application in the parole hearing context.  *See Brown v. Michigan Parole Bd.*, No. 2:08-cv-161, 2009 WL 806959, at *1-2 (W.D. Mich. Mar. 25, 2009) (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 286 (1998)) (rejecting claim that "Fifth Amendment right against self-incrimination [was] violated as a result of his remaining silent at

his parole hearing [and] that this silence was used as a basis to deny parole," as "The Supreme Court has held that a voluntary parole interview does not 'compel' a respondent to speak such that it would violate the prisoner's Fifth Amendment right against self-incrimination."); *Hawkins v. Morse*, 194 F.3d 1312, 1999 WL 1023780, *2 (6th Cir. 1999) (unpublished table case) (citing *Woodard*, 523 U.S. at 285-88) ("[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment," and "the parole board's consideration of a prisoner's willingness to accept responsibility for committing a crime does not force Hawkins to admit his guilt.").

### 3. *Cruel and Unusual Punishment*

Plaintiff appears to allege a violation of his Eight Amendment rights. (Complaint, ¶ 2). This claim is not explained or otherwise discussed in the Complaint. The single mention of the Eighth Amendment in a paragraph about this Court's jurisdiction may a clerical error.

Under the Eighth Amendment, prison officials have an obligation "to take reasonable measures to guarantee the safety of the inmates" in their custody. U.S. CONST. amend. VIII; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also protects prisoners from the use of excessive force and unwarranted physical assaults by prison staff. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). It "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). And, it protects prisoners from conditions of confinement causing "extreme deprivations" that deny "the minimal civilized

measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

None of Plaintiff's allegations in the Complaint suggest these types of issues. Moreover,

> the United States Court of Appeals for the Sixth Circuit has concluded that a parole board's refusal to grant a prisoner early release on parole does not constitute cruel and unusual punishment: "The Eighth Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). The denial of parole clearly does not fall under this umbrella." *Carnes v. Engler*, 76 Fed. Appx. 79 (6th Cir.2003) (unpublished).

*Wolfel v. Timmerman-Cooper*, No. 2:07-cv-1079, 2008 WL 5188188, at *9 (S.D. Ohio Dec. 10, 2008), *report and recommendation adopted*, 2009 WL 330294 (S.D. Ohio Feb. 6, 2009).

### 4. *"First Time Flop Rules"*

Plaintiff challenges Defendants' secret and unwritten policy and practice of not granting parole to first time candidates, which he terms "First time Flop Rules." (*See, e.g.*, Complaint, ¶¶ 16, 24, 30, 88-98). But, as discussed above, Plaintiff has no right to be granted parole, and the type of federal due process claim he may raise about the Board's decision is limited. *Dodson*, 2022 WL 3954932, at *3.

In addition, Plaintiff's allegations in this respect appear to be that the Board acted contrary to Ohio law:

> **[Section] V. The Ohio Parole Board Used its Unwritten Policy of First Time Flop Rules to Deny Plaintiff Parole.**
>
> 88. Plaintiff was entitled to meaningful consideration for release under R.C. § 2967.03 and O.A.C. § 5120-1-1-07 at his first parole board hearing.
>
> 89. However, Defendants have an unwritten policy to deny release to anyone at their first parole board hearing.
>
> 90. Defendants also have an unwritten policy to deny release to anyone who maintains their innocence at their first parole board hearing.

16

91. Each of these first two unwritten rules are considered by Defendants to be especially applicable and particularly enforced when the candidate is a person of color. Even more so when the victim is white.

92. Plaintiff Tolliver is a perfect example of the type of candidate who should be released upon his first parole hearing. He has surpassed every category of the O.A.C. § 5120-1-1-07 factors for suitability determination by an extreme measure. However, this was his first hearing; he maintains his innocence, is black, and alleged victim is white.

(*See* Complaint, PageID 28; *see also* Complaint, ¶ 106 ("Under well-settled principles of Ohio law, individuals who are eligible for parole must receive meaningful consideration of parole.")).

To the extent Plaintiff alleges that Ohio laws were violated, he does not state a claim under § 1983.  Section 1983 does not provide a remedy for violations of state laws or regulations.  *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress . . .").

Thus, "Defendants' alleged failure to comply with [a state] administrative rule or policy does not itself rise to the level of a constitutional violation."  *Williams v. Burke*, No. 2:08-cv-123, 2009 WL 1788374, at *1 (W.D. Mich. June 18, 2009) (collecting cases); *Burgess*, 2021 WL 5816830, at *4 ("to the extent that Williams identifies state policies as conferring a right for a § 1983 claim, the Court dismisses that claim").

Any allegation that a defendant failed to comply with state law such as Ohio Revised Code § 2967.03 and Ohio Admin. Code § 5120:1-1-07 does not state a cognizable claim under § 1983 and should be dismissed.  *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of ODRC policy because they "fall outside the scope of § 1983"); *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994) ("The

parole authorities of the State of Michigan may have been required to follow their own procedural statutes and regulations on parole . . . as a matter of *state* law, but there is not now any viable legal theory by which Michigan state authorities are required to follow such procedural rules as a matter of *federal* due process.") (emphasis in original); *Stone v. Ohio Parole Bd.*, No. 2:21-cv-884, 2023 WL 155903, at *7 (S.D. Ohio Jan. 11, 2023), *report and recommendation adopted*, 2023 WL 2018897 (S.D. Ohio Feb. 15, 2023) (noting that even if defendants failed to follow ODRC policy with respect to plaintiff's parole hearing, "that failure is not in and of itself a constitutional violation.") (cleaned up).

In summary, in addition to the problems with the non-person Defendants and the expired statute of limitations, most of the allegations in Plaintiff's Complaint are frivolous or fail to state a claim on which relief may be granted under § 1983.

## IV.   Third "Strike"

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)(2) as part of the statute, which provides for the screening and dismissal of claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b).

A prisoner's ability to proceed *in forma pauperis* is limited by the so-called "three-strikes" provision of the Prison Litigation Reform Act (PLRA).  This provision bars a prisoner from proceeding *in forma pauperis* where the prisoner has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "The 'three strikes' provision was 'designed to filter out the bad claims and facilitate consideration of the good.'"  *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

This Court previously noted that Plaintiff Tolliver appears to have already accrued two strikes:

1.  **Case No. 2:07-cv-6** (Doc. 17, 23). *See Tolliver v. Mittman*, No. 2:07-cv-6, 2007 WL 3071646 (S.D. Ohio Oct. 19, 2007) (recommending dismissal of the case as frivolous for lack of jurisdiction under 28 U.S.C. § 1915(e)(2); dismissed for lack of jurisdiction per the Magistrate Judge's recommendation on November 19, 2007); and

2.  **Case No. 2:07-cv-17** (Doc. 7, 11). *See Tolliver v. Mittman*, No. 2:07-cv-17, 2007 WL 3005572 (S.D. Ohio Oct. 12, 2007) (dismissing under 28 U.S.C. § 1915 for lack of jurisdiction).

(*See* Doc. 3, PageID 85-86).  *See also Kevin Tolliver v. Ohio Department of Rehabilitation and Corrections*, No. 2:22-cv-4567 (S.D. Ohio Jan. 19, 2023) (Order, Doc. 2, PageID 35).  There may be other "strikes" of which the Undersigned is not immediately aware.

While this Court cannot bind later courts that may consider whether Plaintiff has already accumulated three strikes, the Court can recommend that this case be treated as a strike.  *See*

*Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021) ("Even if the ruling court may not be able to bind later courts to a strike characterization, it often will make sense for the court that dismisses a prisoner's suit to make a non-binding strike recommendation—sometimes what amounts to a strike warning."). The Court should so recommend here.

This warning should be given so that Plaintiff may understand how later cases may be treated and that he may be denied the ability to proceed *in forma pauperis* in later cases if a district court is satisfied that he has had three or more federal court actions or appeals dismissed on the grounds that they were frivolous, malicious, or fail to state a claim upon which relief may be granted. With respect to this case, the Court should **RECOMMEND** that it be treated as a strike.

## V.     Summary and Conclusion

Plaintiff cannot succeed on his § 1983 claims against the only Defendants he has named. The claims about his November 2019 parole hearing were brought too late and are barred by the two-year statute of limitations. As a result, his Complaint should be dismissed in its entirety. 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Even if Plaintiff could overcome these issues, his allegations are frivolous and/or fail to state a claim on which relief may be granted, with one arguable exception.

Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** the Complaint in its entirety and **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendations would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

VI.     **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

June 13, 2023                                         /s/ *Elizabeth A. Preston Deavers*
                                                     ELIZABETH A. PRESTON DEAVERS
                                                     UNITED STATES MAGISTRATE JUDGE