IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN A. TOLLIVER,

      Plaintiff,

                              Case No. 2:22-cv-4566

      vs.                         Judge Algenon L. Marbley

                              Magistrate Judge Elizabeth P. Deavers

OHIO PAROLE BOARD, *et al.*,

      Defendants.

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on various motions filed by Plaintiff Kevin A. Tolliver, a prisoner and frequent litigant in this Court.  Plaintiff currently is incarcerated at the Grafton Correctional Institution and is proceeding here without the assistance of counsel.  For the following reasons, the Court **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED** and resolves the remaining motions as set forth below.

I.      BACKGROUND

First, some background.  Plaintiff initiated this case in this Court by filing a motion for leave to proceed *in forma pauperis* on December 29, 2022.  (ECF No. 1.)  The initial Complaint named as Defendants the Ohio Parole Board ("OPB") and the Ohio Department of Rehabilitation and Corrections ("ODRC") and alleged violations of Plaintiff's civil rights with respect to a November 2019 parole hearing.  The Court's screen of Plaintiff's initial Complaint resulted in a Report and Recommendation of dismissal in its entirety.  (ECF No. 5.)

In response, Plaintiff moved for leave to file an amended complaint which named as Defendants Annette Chambers-Smith (Director), ODRC, Alicia Handwick (Chairperson), Ohio

Adult Parole Authority, OPB and six John and Jane Doe Board Members and again alleged

violations of Plaintiff's civil rights with respect to a November 2019 parole hearing.  (ECF No.

9.)  The Court granted that motion and conducted a second screening directed to the Amended

Complaint.  (ECF Nos. 10, 12.)  Based upon that second screening, the Court recommended that

all but one of the claims in the Amended Complaint be dismissed under 28 U.S.C.  §§ 1915A(b)

and 1915(e)(2) as frivolous or for failure to state a claim on which relief may be granted.  (ECF

No. 12.)  The Court further recommended that Plaintiff be permitted to proceed on his claim that

he was denied parole on the basis of false information.  (*Id*.)  As the Court characterized it, "[i]f

the District Judge agrees, what will remain for further proceedings will be a single claim under

42 U.S.C. § 1983 against the eight individual defendants in their official capacities, for an

alleged violation of procedural due process under the Fourteenth Amendment."  (*Id*.)  The Court

also advised Plaintiff of his obligation to seek leave to amend in the event he discovered the

names of the John and Jane Doe Defendants.  (*Id*.)   The Report and Recommendation was

adopted by Order dated November 16, 2023.  (ECF No. 13.)

By Order dated April 5, 2024, the Court directed Plaintiff to submit service copies of his

Amended Complaint, summons forms, and United States Marshal forms for any Defendant upon

which he requests service by the United States Marshal.  (ECF No. 16.)  Plaintiff did not comply

with that Order.  Rather, on July 3, 2024, Plaintiff filed a Second Amended Complaint without

leave.  (ECF No. 17.)  That action prompted the Court to issue an Order on July 9, 2024, stating

in part:

> Two things of note with respect to this filing. First, this proposed Second Amended
> Complaint no longer names John or Jane Doe Defendants. If that were the only
> amendment, the Court likely would construe it as Plaintiff's confirmation that he
> no longer wishes to proceed against any currently unknown Defendants. Such
> construction, however, would not change the fact that Plaintiff failed to submit the
> necessary service documents to allow the United States Marshal to complete service

2

on Defendants Annette Chambers-Smith or Alicia Handwick. Moreover, Plaintiff's proposed amendments are not so limited. Instead, the proposed Second Amended Complaint both sets forth additional factual allegations and attaches several pieces of correspondence. Accordingly, the Court **STRIKES** the Second Amended Complaint. Further, Plaintiff is **DIRECTED** to submit service copies of his Amended Complaint identical to ECF No. 11, summonses, and United States Marshal forms for the Defendants upon which Plaintiff seeks service by the United States Marshal within **FOURTEEN DAYS OF THE DATE OF THIS ORDER. Plaintiff's continued failure to do so WILL result in the recommendation that this action be dismissed.** In the alternative, should Plaintiff intend to amend his Complaint a second time, he must file an appropriate motion within that same time frame.

(ECF No. 18.)

On August 28, 2024, Plaintiff filed a document titled "Judicial Notice of: Case Management Issue Request for Service of Unserved Documents," explaining that he had not received a copy of the Court's previous Order but learned of it from a third-party.  (ECF No. 19.) He also represented that he had submitted a request for a 90-day stay of this proceeding.  The Court directed the Clerk to send Plaintiff another copy of the Order and advised Plaintiff that it had not received any documents requesting a stay.  (ECF No. 20.)

On September 16, 2024, Plaintiff filed his request for a 90-day stay, explaining that he was set to receive a "halftime review" for parole in November 2024, which may lead to an outcome relevant to this proceeding.  (ECF No. 21.)   On September 19, 2024, the Court stayed this action for 90 days.  (ECF No. 22.)

The stay expired and Plaintiff took no action.  Accordingly, on January 6, 2025, the Court issued an Order directing Plaintiff to file a written status report, on or before February 6, 2025, advising the Court regarding his intention to proceed with this action.  (ECF No. 23.)   Plaintiff responded to the Court's on February 10, 2024, by filing a status report[1], a motion to preserve

---

[1] Plaintiff claims in his status report that he has been having issues with the mail and that he "filed" a Third Amended Complaint on October 28, 2024, which he was re-mailing with his

evidence, and a third amended complaint, unaccompanied by a motion for leave.  (ECF Nos. 24, 25, 26.)  On March 14, 2025, Plaintiff moved to withdraw his motion to preserve evidence.  (ECF No. 28).  It is with this background in mind that the Court turns to the pending motions.

## II.      ORDER

Turning quickly to Plaintiff's motion to withdraw, that motion (ECF No. 28) is **GRANTED.**  The Clerk is **DIRECTED** to cause the docket to reflect the withdrawal of the motion to preserve evidence (ECF No. 25) and to remove it from the Court's pending motions list.

This brings the Court to Plaintiff's Third Amended Complaint filed without leave (ECF No. 26).  The Court **STRIKES** the filing.  If Plaintiff seeks to amend his Complaint, he must file a motion setting forth good cause and explaining to the Court the nature of his amendments.  The Court will not wade through Plaintiff's amended pleading in an attempt to discern his intentions. Further, the Court notes from a cursory review, that Plaintiff continues to include Defendants previously dismissed from this action by the Court and likely continues to assert factual allegations relating to claims also previously dismissed.  To date, as the Court has held, Plaintiff has been permitted to proceed only on the very narrow claim that he was denied parole on the basis of false information.

At this time, the currently operative complaint is Plaintiff's first Amended Complaint (ECF No. 11).  Plaintiff shall file any motion for leave to file a further amended complaint[2] **WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER.**  Aside from any new

---

status report.  (ECF No. 24.)  The Court notes, however, that the Third Amended Complaint contains a statement of facts "Revised on 11/11/24," making it unlikely that this document was intended to have been filed on October 28, 2024.

[2] Contrary to Plaintiff's understanding, a further amended pleading would be a Second Amended Complaint not a Third Amended Complaint.  The Court previously struck Plaintiff's Second Amended Complaint for failure to seek leave.  (ECF No. 18.)

allegations Plaintiff proposes to assert, any amended pleading attached to the motion should contain only allegations, and name only Defendants, consistent with the Court's previous rulings. In the alternative, should Plaintiff intend to proceed on his first Amended Complaint (ECF No. 11), he must submit service copies of the Amended Complaint, identical to ECF No. 11, summonses, and United States Marshal forms for the Defendants upon which Plaintiff seeks service by the United States Marshal within that same time frame.

In reaching this conclusion, the Court notes the following.  This case has been pending for over two years and service has yet to be undertaken.  Plaintiff has demonstrated, at times, a casual approach to deadlines over the course of this action.  To be sure, as discussed, Plaintiff has cited issues with the mail.  Plaintiff, however, a frequent and very experienced litigant in this Court, cannot fully fault mail service for at least some of the delay in his taking action.  By way of specific example, the Court directed Plaintiff to provide service documents by Order dated April 5, 2024.  (ECF No. 16.)  Plaintiff ignored this directive and filed a Second Amended Complaint without leave.  (ECF No. 17.)  **NO FURTHER DELAYS CAUSED BY PLAINTIFF'S FAILURE TO ADHERE TO CLEAR DEADLINES WILL BE TOLERATED**.  The fact that Plaintiff is not represented by counsel will not excuse his continued willful failure to obey this Court's clear and straightforward order.  *See, e.g, Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (affirming dismissal for lack of prosecution where a *pro se* plaintiff "failed to adhere to readily comprehended court deadlines of which he was well-aware").  Accordingly, **Plaintiff's failure to take either of the above identified actions within the required time frame WILL result in the recommendation that this action be dismissed with no further warning.**

5

### III.    REPORT AND RECOMMENDATION

Turning to Plaintiff's motion for summary judgment filed on March 10, 2025 (ECF No. 27), the Court easily dispenses with that motion.  In a word, Plaintiff's motion is premature. *Dyda v. Fed. Motor Carrier Safety Admin.*, No. 1:24-CV-11147, 2024 WL 4044354, at *2 (E.D. Mich. July 16, 2024) (citing *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's ... affidavit and request or on the court's own initiative without an explicit request from the opposing party.").  Here, Defendants have never been served, a case schedule has not been set and no discovery has been undertaken.  Accordingly, it is **RECOMMENDED** that the motion for summary judgment (ECF No. 27) be **DENIED** at this juncture.  It is **FURTHER RECOMMENDED** that this denial be **without prejudice** to Plaintiff's ability to file a motion for summary judgment at an appropriate time, as warranted.

### IV.    CONCLUSION

As stated above, Plaintiff's motion to withdraw (ECF No. 28) is **GRANTED.**  The Clerk is **DIRECTED** to cause the docket to reflect the withdrawal of Plaintiff's motion to preserve evidence, ECF No. 25, and to remove that motion from the Court's pending motions list.   The Court **STRIKES** Plaintiff's Third Amended Complaint (ECF No. 26.)

**WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER**, Plaintiff must either file a motion for leave to amend with a proposed amended complaint attached thereto **OR** submit service copies of the Amended Complaint, identical to ECF No. 11, as well as summonses, and United States Marshal forms for the Defendants upon which Plaintiff seeks service by the United States Marshal.  **Plaintiff's failure to take either of these identified actions within the**

**required time frame WILL result in the recommendation that this action be dismissed with no further warning.  NO FURTHER DELAYS CAUSED BY PLAINTIFF'S FAILURE TO ADHERE TO CLEAR DEADLINES WILL BE TOLERATED**.

Finally, it is **RECOMMENDED** that the motion for summary judgment (ECF No. 27) be **DENIED** at this juncture.  It is **FURTHER RECOMMENDED** that this denial be **without prejudice** to Plaintiff's ability to file a motion for summary judgment at an appropriate time, as warranted.

## PROCEDURE ON OBJECTIONS to REPORT AND RECOMMENDATION (III)

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

/s/ *Elizabeth A. Preston Deavers*

DATED:  March 26, 2025                **ELIZABETH A. PRESTON DEAVERS**
                                                   **UNITED STATES MAGISTRATE JUDGE**